UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALEXANDER WILLIAMS JR.,

                     Plaintiff,

-against-

NEW YORK STATE, et al.,

                     Defendants.

7:25-CV-2499 (CS)

ORDER OF SERVICE

---

CATHY SEIBEL, United States District Judge:

       Plaintiff Alexander Williams Jr., who is appearing *pro se* and is currently incarcerated in the Sing Sing Correctional Facility ("Sing Sing"), brings this action asserting claims under 42 U.S.C. §§ 1983, 1985, and 1986, as well as under the Americans with Disabilities Act of 1990 ("ADA").  He seeks damages and injunctive relief, and he sues:  (1) the State of New York; (2) the New York State Department of Corrections and Community Supervision ("DOCCS"); (3) Correctional Officer Danzel Palmer; (4) Correctional Officer Pasko Delovic; (5) Correctional Officer Trapani; (6) Correctional Officer Jason Ayala; (7) Sing Sing Superintendent Marlyn Kopp; (8) Sing Sing physician Dr. Ezekwea; (9) Sergeant Charles Mitchell; (10) Lieutenant Mario Panzarella; (11) Sergeant Stephen Marsar; (12) Correctional Officer Cadet; (13) Correctional Officer Jeanine M. Ashman; and (14) unidentified Sing Sing "K-9 Officers." The Court construes Plaintiff's amended complaint (ECF 10), which is the operative pleading for this action, as asserting:  (1) claims of disability-based discrimination against the State of New York, under Title II of the ADA and/or the Rehabilitation Act of 1973; (2) claims of federal constitutional violations against the individual defendants, under Section 1983; (3) claims of conspiracy against the individual defendants, under Section 1985; and (4) claims against the individual defendants under Section 1986.

By order dated April 2, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]  The Court:  (1) directs the Clerk of Court to drop DOCCS as a defendant, pursuant to Rule 21 of the Federal Rules of Civil Procedure; (2) directs service on the remaining identified defendants, including the State of New York and the identified individual defendants; (3) directs the State of New York and the identified individual defendants to comply with Local Civil Rule 33.2; and (4) directs the Attorney General of the State of New York to provide to Plaintiff and the Court the identities, service addresses, and, if appropriate, badge numbers of the unidentified "K-9 Officer" defendants.

## DISCUSSION

**A.        Dropping DOCCS**

Under Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"), the Court, on its own motion, "may[,] at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice.").  Because Plaintiff's naming of DOCCS – an agency and arm of the State of New York – is duplicative of his naming of the State of New York itself as a defendant, the Court directs the Clerk of Court to drop DOCCS as a defendant in this action, pursuant to Rule 21.

**B.        Service on the identified defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[2]

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the amended complaint and ordered

2

*Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the remaining identified defendants, which include the State of New York and the identified individual defendants, the Clerk of Court is instructed to fill out USMS Process Receipt and Return forms ("USM-285 forms") for those defendants. The Clerk of Court is further instructed to issue summonses for those defendants, and deliver to the USMS all the paperwork necessary for the USMS to effect service of summonses and the amended complaint (ECF No. 10) on those defendants.

If summonses and the amended complaint are not served on those defendants within 90 days after the date that summonses for those defendants have issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

C.   **Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires particular defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the amended complaint (ECF No. 10), the State of New York and the identified

---

that any summonses be issued. The Court therefore extends the time to serve the amended complaint until 90 days after the date that any summonses issue.

individual defendants must serve responses to those standard discovery requests. In their responses, those defendants must quote each request verbatim.[3]

### D.     The unidentified "K-9 Officer" defendants

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the Court in ascertaining an unidentified defendant's identity and that defendant's service address. 121 F.3d 72, 76 (2d Cir. 1997). In the amended complaint, Plaintiff supplies sufficient information to permit DOCCS to provide the identities, service addresses, and, if appropriate, badge numbers of the unidentified "K-9 Officer" defendants; they are those DOCCS "K-9 officers" who searched Plaintiff's Sing Sing cell on January 15, 2025. It is therefore ordered that the Attorney General of the State of New York, who is the attorney for and agent of DOCCS, must ascertain the identities, services addresses, and, if appropriate, badge numbers of the unidentified "K-9 Officer" defendants. The Attorney General must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file a second amended complaint naming the newly identified individuals as defendants and providing their service addresses and, if appropriate, badge numbers. The second amended complaint will replace, not supplement, Plaintiff's original and amended complaints. A second amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed a second amended complaint, the Court will screen it and, if necessary, issue an order directing service on the newly identified defendants and directing their compliance with Local Civil Rule 33.2.

---

[3] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to drop the New York State Department of Corrections and Community Supervision as a defendant in this action, pursuant to Rule 21 of the Federal Rules of Civil Procedure.

The Court further directs the Clerk of Court to: (1) issue summonses for the State of New York and the identified individual defendants; (2) complete USM-285 forms with the service addresses for those defendants, and; (3) deliver all documents necessary to effect service of summonses and the amended complaint (ECF No. 10) on those defendants to the USMS.

The Court directs the Clerk of Court to mail a copy of this order and a copy of the amended complaint (ECF No. 10) to the Attorney General of the State of New York, at 28 Liberty Street, New York, New York 10005.

A second amended complaint form is attached to this order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 30, 2025
         White Plains, New York

_____
CATHY SEIBEL
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. State of New York
   Managing Attorney's Office
   Office of the New York State Attorney General
   28 Liberty Street, 16th Floor
   New York, New York 10005

2. Correctional Officer Danzel Palmer
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562-5442

3. Correctional Officer Pasko Delovic
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562-5442

4. Correctional Officer Trapani
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562-5442

5. Correctional Officer Jason Ayala
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562-5442

6. Superintendent Marlyn Kopp
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562-5442

7. Dr. Ezekwea
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562-5442

8. Sergeant Charles Mitchell
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562-5442

9. Lieutenant Mario Panzarella
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562-5442

10. Sergeant Stephen Marsar
    Sing Sing Correctional Facility
    354 Hunter Street
    Ossining, New York 10562-5442

11. Correctional Officer Cadet
    Sing Sing Correctional Facility
    354 Hunter Street
    Ossining, New York 10562-5442

12. Correctional Officer Jeanine M. Ashman
    Sing Sing Correctional Facility
    354 Hunter Street
    Ossining, New York 10562-5442