UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ALEXANDER WILLIAMS, JR.,

                              Plaintiff,                    **ORDER OF SERVICE**

    - against -                                                 No. 25-CV-2499 (CS)

NEW YORK STATE et al.,

                              Defendants.
-------------------------------------------------------------x

CATHY SEIBEL, United States District Judge:

       Plaintiff Alexander Williams, who is currently incarcerated at Eastern Correctional Facility, filed this *pro se* action, asserting claims under 42 U.S.C. §§ 1983, 1985, and 1986, as well as under the Americans with Disabilities Act of 1990 ("ADA"). (ECF No. 1.) By Order dated April 2, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP") – that is, without prepayment of fees. (ECF No. 5.) On April 22, 2025, Plaintiff filed an Amended Complaint, adding several Defendants and removing those named in his initial Complaint. (ECF No. 10 ("AC").)

       On April 30, 2025, the Court issued an Order, directing the Clerk of Court to drop the New York State Department of Corrections and Community Supervision ("DOCCS") as a defendant, directing service on the remaining identified defendants from the AC, and directing the New York State Attorney General to provide the identities, service addresses, and, if appropriate, badge numbers of the unidentified "K-9 Officer" defendants. (ECF No. 12.) The Clerk issued the summons as to Defendants Ashman, Ayala, Cadet, Delovic, Ezekwea, Kopp, Marsar, Mitchell, Palmer, Panzarella, the State of New York, and Trapani (the "Initial

Defendants") on May 5, 2025. (ECF No. 13.) The Initial Defendants have not yet been served, although the State of New York did execute a waiver of service. (ECF No. 17.)

On June 26, 2025, the Attorney General requested an extension until July 30, 2025 to respond to the *Valentin* Order. (ECF No. 18.) The Court granted the request the same day. (ECF No. 20.) On June 27, 2025, Plaintiff filed a Second Amended Complaint, along with a letter indicating that he would stipulate to the dismissal of the K-9 and John Doe officers who had not yet been identified.[1] (ECF No. 21 ("SAC").) The SAC names several additional Defendants who were not named in the AC. (*See* SAC at 1-4.)

## DISCUSSION

The SAC names DOCCS as a Defendant, (*see* SAC ¶ 19), but as previously explained in my Order of April 30, 2025, Plaintiff's naming of DOCCS – an agency and arm of the State of New York – is duplicative of his naming the State of New York itself as a defendant, (*see* ECF No. 12 at 2). Thus, any claims against DOCCS are dismissed for the reasons set forth in the April 30, 2025 Order. The Court also dismisses the claims against the New York State Office of Mental Health ("OMH") – also a state agency and arm of the State of New York – for the same reasons.

Additionally, Plaintiff fails to state a claim against Governor Kathy Hochul because the SAC does not include any facts showing her personal involvement in the alleged constitutional violations. "[P]ersonal involvement of defendants in alleged constitutional deprivations is a

---

[1] Although Defendants' deadline to respond to the *Valentin* Order was originally June 30, 2025, (ECF No. 12 at 4-5), in his letter (which is dated July 1, 2025 but was mailed on June 24, 2025 and received by the Clerk on June 27, 2025), Plaintiff stated that Defendants' deadline had passed, (ECF No. 21 at 1). In any event, he had not yet seen the Court's June 26, 2025 Order granting the extension for the Attorney General to respond to the *Valentin* Order, (ECF No. 20), and clearly wishes to proceed without identification of the individuals subject to that Order, (ECF No. 21 at 1).

prerequisite to an award of damages under § 1983." *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). "[T]here's no special rule of liability for supervisors," and "[t]he violation must be established against the supervisory official directly." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). Because the SAC fails to include facts showing Governor Hochul's personal involvement, any claims against her are dismissed.

Nevertheless, Plaintiff has pleaded sufficient facts for the Court to order service on the remaining additional Defendants. Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the U.S. Marshals Service to effect service.[2] *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Kara, Kabore, Carrington, Martuscello, Sullivan, and the New York State Correctional Officer and Police Benevolent Association through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon each of these defendants.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the SAC and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the summons is issued.

If the SAC is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action is Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendants Kara, Kabore, Carrington, Martuscello, Sullivan, and the New York State Correctional Officer and Police Benevolent Association, complete the USM-285 form with the address for each of these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

**SO ORDERED.**

Dated: July 2, 2025
White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. National Guardsman Kara
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562

2. National Guardsman Kabore
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562

3. Sgt. Lyle Carrington
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562

4. Daniel F. Martuscello, Commissioner of DOCCS
   1220 Washington Avenue
   Albany, NY 12226

5. Ann Marie T. Sullivan, Commissioner of OMH
   44 Holland Avenue
   Albany, NY 12229

6. New York State Correctional Officers and Police Benevolent Association Inc.
   20 Computer Dr. W.
   Albany, NY 12205