UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALEXANDER WILLIAMS JR.,

                Plaintiff,

    -against-

NEW YORK STATE, et al.,

                Defendants.

**ORDER**

25-CV-2499 (CS)

---

Seibel, J.

      Plaintiff has moved for a preliminary injunction ordering the State of New York to provide corrective surgery for a bunion on his left foot. (ECF No. 39.) The Attorney General ("AG") is incorrect that Plaintiff's bunion is not mentioned in the Second Amended Complaint. (*See* ECF No. 21 ("SAC") at 154, 175.) But the AG is correct that Plaintiff has not made the required showing to obtain a preliminary injunction. Plaintiff contends that he was approved to see a specialist for his bunion in May 2024 and that that has not yet occurred. (*See* ECF No. 39 at 2.) If that were established, and if the condition were sufficiently serious, it is possible that that might constitute deliberate indifference to medical needs on the part of a medical provider who ordered the consultation, was in a position to follow up to ensure it occurred, and did not do so. *See, e.g.*, *Martinez v. United States*, No. 20-CV-7275, 2021 WL 4224955, at *7 (S.D.N.Y. Sept. 16, 2021) ("A doctor's failure to follow up and ensure necessary treatment after issuing a referral for treatment or to a specialist can, under certain circumstances, provide a basis for liability on a claim for deliberate indifference."); *Benjamin v. Schwartz*, 299 F. Supp. 2d 196, 200-01 (S.D.N.Y. 2004) (doctor's alleged failure to schedule surgery in a timely manner despite definitively stating that surgery was necessary constituted deliberate indifference), *aff'd sub nom. Benjamin v. Koeningsmann*, 204 F. App'x 979 (2d Cir. 2006). But Plaintiff has not

provided evidence that that May 2024 referral was made or who made it.[1]  Nor has Plaintiff provided evidence that the bunion, as opposed to other foot problems he experiences, (*see, e.g.*, SAC at 109, 154), is the source of his pain; that his pain is sufficiently extreme to rise to the level of a constitutional violation; or that the surgery he seeks as a remedy is medically indicated.  Accordingly, the motion for a preliminary injunction is denied.

**SO ORDERED.**

Dated: September 12, 2025
       White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.

---

[1] Exhibit C to the motion shows that a provider who examined Plaintiff at the Elmira Correctional Facility in September 2023 wrote "? need[s] surgery" with respect to an injury to the great toe on Plaintiff's right foot, not the bunion that Plaintiff alleges is on his left foot. (*See* ECF No. 39 at 13.)  That provider also recommended a "pod[iatry] eval[uation]" at Plaintiff's next facility. (*Id*.)  That evaluation appears to have occurred promptly, because Exhibit D to the motion shows that in November 2023 he had a mobility consultation at the Auburn Correctional Facility. (*See* ECF No. 39 at 15.)  The provider noted the existence of the bunion but recommended no action regarding it, recommending only a further workup of the right great toe. (*See id*.)