UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER WILLIAMS JR.,

                    Plaintiff,

          -against-

NEW YORK STATE, et al.,

                    Defendants.

**ORDER**

25-CV-2499 (CS)

Seibel, J.

On July 10, 2025, Defendants New York State, Pasko Delovic, Daniel Palmer, Mario Panzarella, Jason Ayala, Paul Cadet, John Kara, Romain Kabore, Janine Ashman, Stephen Marsar, Daniel Martuscello, Marlyn Kopp, Ann Sullivan, Lyle Carrington, Charles Mitchell, Mark Trapani, and Felix Ezekwea, (the "State Defendants"), filed their pre-motion letter in anticipation of their motion to dismiss Plaintiff's Second Amended Complaint.  (*See* ECF No. 58; ECF No. 21 ("SAC").)  Defendant New York State Correctional Officers & Police Benevolent Association Inc. ("NYSCOPBA") also filed a pre-motion letter in anticipation of its motion to dismiss.  (ECF No. 56.)  The Court held a pre-motion conference on December 15, 2025, at which time Plaintiff expressed his desire to voluntarily dismiss all claims that Defendants sought to dismiss in their pre-motion letters.  (*See* Minute Entry dated Dec. 15, 2025.)  At the conference, the Court requested that the State Defendants submit a letter setting forth what claims remained following Plaintiff's voluntary dismissal.  (*See id.*)  On December 22, 2025, the State Defendants submitted their letter, in which they represented that the only remaining claims in the SAC were Count 3 against Defendants Palmer, Kara, Kabore, and Marsar and Count 5 against Defendants Trapani, Palmer, and Mitchell.  (ECF No. 67.)  The

Court then issued an order dismissing all other claims and Defendants on December 23, 2025. (ECF No. 68.)

On January 5, 2026, the Court received a letter from Plaintiff in response to the State Defendants' December 22 letter. (ECF No. 69.) Plaintiff argues the State Defendants' letter materially misrepresents the scope of his agreement to dismiss certain claims and improperly seeks dismissal of claims and defendants not included in the State Defendants' pre-motion letter. (*See id.* at 1.) Specifically, Plaintiff claims the following: (1) the State Defendants sought to dismiss the third cause of action only as to Defendants Ezekwea, Trapani, Cadet, Ashman, and Ayala, but the SAC properly maintains the claim against Delovic, Palmer, Kara, Kabore, and Marsar; (2) the State Defendants sought to dismiss the ninth cause of action only as to Kopp and Ayala, but the SAC properly maintains the claim against Palmer and Marsar; (3) the State Defendants sought to dismiss the eleventh cause of action only as to New York State, but the SAC properly maintains the claim against Palmer, Delovic, Trapani, Ayala, and Panzarella; (4) the State Defendants sought to dismiss the thirteenth cause of action only as to New York State, the New York State Department of Corrections and Community Supervision ("DOCCS"),[1] and NYSCOPBA, but the SAC properly maintains the claim against Palmer, Delovic, Mitchell, Ayala, Cadet, Martuscello, Kara, Kabore, Sullivan, and Carrington; (5) the State Defendants sought to dismiss the fifteenth cause of action only as to Marsar and Carrington, but the SAC properly maintains the claim against Mitchell, Palmer, Delovic, Trapani, Ashman, Ayala, Kopp, and Panzarella; and (6) the State Defendants sought to dismiss the seventeenth cause of action only as to New York State, but the SAC properly maintains the claim against Kopp, Mitchell,

---

[1] DOCCS was dismissed by the Court *sua sponte* on July 2, 2025 because Plaintiff's naming of DOCCS as a defendant is supplicative of his naming the State of New York itself. (ECF No. 22 at 2.)

Marsar, Kara, Kabore, Delovic, Ashman, Ayala, and Panzarella.  (*See id.* at 2-4.)  Plaintiff

requested that the Court "[c]onfirm that dismissal applies only as to the defendants expressely

named in defendant November 10, 2025 partial motion [*sic*]" or alternatively, permit Plaintiff to

withdraw his limited agreement and allow submission of Plaintiff's reply to Defendants' motion

to dismiss.[2]  (*Id.* at 5.)  Plaintiff, however, maintains his agreement to dismiss Defendant

NYSCOPBA.  (*Id.* at 4.)

### **DISCUSSION**

The Court has reviewed the State Defendants' November 10 pre-motion letter, the State

Defendants' December 22 letter, and Plaintiff's SAC, and will address each of Plaintiff's

purported corrections in turn.

First, as to the third cause of action, although Plaintiff claims the State Defendants sought

to dismiss the claim only as to Ezekwea, Trapani, Cadet, Ashman, and Ayala, their pre-motion

letter quite clearly sought to dismiss the claim against Delovic as well.  (*See* ECF No. 58 at 4

("Plaintiff's 3rd Deliberate Indifference Claim Against Defendants Delovic, Trapani, Ezekwea,

Cadet, Ashman, and Ayala Fails").)  That leaves Palmer, Kara, Kabore, and Marsar – the same

individuals against whom Defendants and the Court said the claim would go forward.  (*See* ECF

No. 67 at 1 (stating remaining claims included third cause of action against Palmer, Kara,

Kabore, and Marsar); ECF No. 68 (same).)  Therefore, the State Defendants did not improperly

---

[2] Plaintiff apparently mistook the State Defendants' pre-motion letter as their motion to dismiss, as he referred to it as such in his January 5 letter and has also included with his letter what he describes as his opposition to that motion.  (*See* ECF No. 69 at 6-30.)  The State Defendants' November 10 letter was not a motion, but rather a pre-motion letter outlining the potential bases for a forthcoming motion to dismiss, as required by my individual rules of practice.  Defendants' motion to dismiss has not yet been filed, and, as explained below, will still need to be filed and briefed should Plaintiff withdraw his agreement to dismiss certain claims in the SAC.

seek dismissal of defendants not included in their pre-motion letter with respect to the third cause of action.

Next, as to the ninth cause of action, although Plaintiff claims the State Defendants sought to dismiss the claim only as to Kopp and Ayala, their pre-motion letter again clearly sought to dismiss the claim against Marsar as well.  (*See* ECF No. 58 at 4 ("Finally, Plaintiff fails to plead any violative conduct by Defendant Marsar.").)  And the SAC does not mention Palmer anywhere in the ninth cause of action.  (*See* SAC ¶¶ 181-85 (raising failure to intervene claim only as to Ayala, Kopp, and Marsar).)  Thus, Plaintiff is incorrect that the SAC properly maintains the claim against Palmer and Marsar.

As to the eleventh cause of action, as mentioned, Plaintiff claims Defendants sought to dismiss this claim only as to New York State, and that the SAC properly maintains the claim against Palmer, Delovic, Trapani, Ayala, and Panzarella.  As an initial matter, the State Defendants sought to dismiss the eleventh cause of action against New York State and all Defendants in their official capacities.  (ECF No. 58 at 5.)  But, contrary to what Plaintiff argues, the SAC does not assert this claim against any of the individual defendants he mentions in his letter.  The eleventh cause of action asserts a claim for failure to supervise and alleges that the "State, NYS Department of Corrections and Community Supervision, failed to properly supervise the Defendants, [Palmer, Delovic, Trapani, Ayala, Panzarella, Marsar, Kopp, and Ashman], and that failure led to the injuries of the Plaintiff."  (SAC ¶ 190.)  Similarly, in the next paragraph, Plaintiff alleges the "State, NYS Department of Corrections and Community Supervision, knew of, or should have known of the propensity of [Palmer, Delovic, Trapani, Ayala, Panzarella, Marsar, Kopp, and Ashman], and that failure led to the injuries of the Plaintiff mentioned herein this complaint."  (*Id.* ¶ 191.)  The SAC continues to allege that certain

individuals had a propensity to violate the rights of prisoners and again that the State failed to train and supervise the individuals. (*Id.* ¶ 192.) Finally, the SAC alleges the conduct of Ashman supports that Defendants lacked in training and supervision under the State. (*Id.* ¶ 193.) These allegations do not raise a claim for failure to supervise against the individual defendants mentioned in the eleventh cause of action. Rather, the allegations raise the claim against the State for failure to supervise the individuals listed. Therefore, by seeking to dismiss this cause of action against New York State, Defendants sought to dismiss the entire claim, and Plaintiff is incorrect that the SAC maintains a claim against Palmer, Delovic, Trapani, Ayala, and Panzarella.

As to the thirteenth cause of action, Plaintiff claims the State Defendants sought to dismiss this claim only as to New York State, DOCCS, and NYSCOPBA, but that the claim survives as against Defendants Palmer, Delovic, Mitchell, Ayala, Cadet, Martuscello, Kara, Kabore, Sullivan, and Carrington. But again, the SAC does not raise a claim in the thirteenth cause of action against the individuals Plaintiff lists. Like in his eleventh cause of action, in the SAC Plaintiff alleges that Kopp, the State, Martuscello, NYSCOPBA, and Sullivan should have known that the individual defendants had the propensity to engage in conduct that violated Plaintiff's rights, (SAC ¶ 207); that the State failed to train and supervise these individuals, (*id.* ¶ 208); and that Kopp and Martuscello failed to train other individual defendants, (*id.* ¶¶ 209, 211). The thirteenth cause of action mentions Mitchell, but only to say that Mitchell's conduct is evidence that he lacked proper training. (*Id.* ¶ 210.) Plaintiff then makes one blanket statement that numerous individual defendants' (including Palmer, Delovic, Mitchell, Ayala, Cadet, Martuscello, Kara, Kabore, Sullivan, and Carrington's) actions were the proximate cause of his injuries. (*Id.* ¶ 212.) These allegations fairly assert a claim for failure to train against Kopp,

5

New York State, Martuscello, and Sullivan,[3] but not Palmer, Delovic, Mitchell, Ayala, Cadet, Martuscello, Kara, Kabore, Sullivan, or Carrington, as Plaintiff does not allege that these Defendants failed to train anyone, but rather that they were not properly trained themselves.  And the State Defendants sought to dismiss the thirteenth cause of action against all supervisory Defendants, (ECF No. 58 at 5), which could fairly include Martuscello, Sullivan, and Kopp, as they were all in supervisory positions (Commissioner of DOCCS, Commissioner of OMH, and Superintendent of Sing Sing, respectively).  Therefore, by seeking to dismiss the supervisory defendants in their pre-motion letter, the State Defendants sought to dismiss the entire claim.

As to the fifteenth cause of action, Plaintiff claims the State Defendants sought to dismiss this claim only as to Marsar and Carrington.  In their pre-motion letter, Defendants did not specify which Defendants as to whom they sought to dismiss this cause of action.  (*See* ECF No. 58 at 5.)  But Defendants did provide some bases for which they sought to dismiss, including that the failure to maintain or follow prison policy with respect to strip searches is not sufficient for a § 1983 claim; that aggressive or inappropriate behavior during a strip search is not sufficient for an Eighth Amendment violation; and that Plaintiff's grievance system claims were meritless.  (*Id.*)  Plaintiff's fifteenth cause of action asserts a due process claim against Palmer, Delovic, Trapani, Ayala, Panzarella, Marsar, Kopp, and Ashman for using force "without the proper probable cause," and strip searching Plaintiff against DOCCS policy.  (SAC ¶ 220.)  Plaintiff also alleged in the SAC that Mitchell violated his rights as it relates to filing grievances, (*id.* ¶ 222), and that the State and Kopp manipulated the grievance system, (*id.* ¶ 224).  These claims seem to be covered by the State Defendants' pre-motion letter.

---

[3] Plaintiff also asserted this claim against Governor Kathy Hochul and DOCCS, both of whom the Court dismissed on July 2, 2025, (ECF No. 22 at 2), and NYSCOPBA, whom Plaintiff has agreed to voluntarily dismiss from the action, (*see* ECF No. 69 at 4).

But the SAC also alleges that Palmer, Delovic, Mitchell, Trapani, Marsar, and Ayala violated his due process rights by trying to cover up their violations by failing to document the incident and failing to provide Plaintiff medical attention.  (*Id.* ¶ 220.)  It also alleges that Cadet violated his rights by denying him medical care, (*id.* ¶ 223), although Plaintiff does not in his January 5 letter state that his SAC maintains this claim against Cadet.  Finally, Plaintiff alleges that the State and Kopp violated his due process rights by failing to give him the opportunity to present evidence and arguments in favor of why he should not be locked in his cell for more than 17 hours a day.  (*Id.* ¶ 224.)  Arguably, the State Defendants did not seek to dismiss the due process claims against Palmer, Delovic, Mitchell, Trapani, Marsar, and Ayala as it relates to failing to document the incident and provide Plaintiff medical care; against Cadet as it relates to denying him medical care; or against the State and Kopp for failing to give him a hearing, as they did not present any arguments about these aspects of Plaintiff's claim.  Thus, it is fair to say that Plaintiff did not have notice that the State Defendants were seeking to dismiss these portions of his due process claim, and the Court will reinstate the claim as against Palmer, Delovic, Mitchell, Trapani, Marsar, Ayala, Cadet, and Kopp.

Finally, as to the seventeenth cause of action, although Plaintiff claims the State Defendants sought to dismiss this claim only as to the State, Defendants' pre-motion letter clearly sought to dismiss this claim in its entirety, on the basis that the claim is barred by New York Corrections Law § 24.  (ECF No. 58 at 5.)

## **CONCLUSION**

Accordingly, with the exception of the fifteenth cause of action, the remaining claims were raised in the State Defendants' pre-motion letter and were properly dismissed pursuant to Plaintiff's agreement to voluntarily dismiss all claims raised in that letter.  As mentioned,

however, I will reinstate the due process claim asserted in Plaintiff's fifteenth cause of action against Defendants Palmer, Delovic, Mitchell, Trapani, Marsar, Ayala, Cadet, and Kopp.

Following this Order, if Plaintiff still wants to withdraw his agreement to voluntarily dismiss all claims fairly raised in the State Defendants' pre-motion letter, Plaintiff should so inform the Court by letter no later than February 3, 2026.  If Plaintiff withdraws his agreement, discovery will be stayed, and the Court will set a briefing schedule on the State Defendants' motion to dismiss.  Discovery will not resume until the motion is fully briefed and the Court has reached a decision.

The Clerk of Court is respectfully directed to reinstate Superintendent Marlyn Kopp, C.O. Ayala, C.O. Delovic, and C.O. Cadet as Defendants, and to mail Plaintiff a copy of this Order.

**SO ORDERED.**

Dated: January 13, 2026
        White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.